2015R00300/EW/BAW/fk/gr

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Katharine S. Hayden |
| v. | : | Crim. No. 15-609 (KSH) |
| MARLON PEEK, | : | PRELIMINARY ORDER OF FORFEITURE AS TO |
| Defendant. | : | SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| | : | |

WHEREAS, on or about December 2, 2015, the United States of America (the "United States" or the "Government") filed a 17-count Indictment against Marlon Peek (the "Defendant"), which charged him with seven counts of bank robbery, in violation of 18 U.S.C. § 2113(a (Counts One through Six and Eight); one count of carjacking, in violation of 18 U.S.C. § 2119(1) (Count Seven); one count of attempted bank robbery with a dangerous weapon, in violation of 18 U.S.C. § 2113(a) and (d) (Count Nine); four counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts Ten, Twelve, Fourteen, and Sixteen); three counts of attempted carjacking, in violation of 18 U.S.C. § 2119(1) (Counts Eleven, Thirteen, and Fifteen); and one count of forced accompaniment in attempting to avoid apprehension for attempted bank robbery, in violation of 18 U.S.C. § 2113(e) (Count Seventeen);

WHEREAS, on or about March 19, 2018, the Defendant pleaded guilty, pursuant to a plea agreement with the United States, to Counts One through Eleven, Thirteen, Fifteen, and Seventeen of the Indictment;

WHEREAS, a person convicted of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) is required to forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all of the Defendant's right, title, and interest in any firearms and ammunition involved in or used in the commission of such offenses;

WHEREAS, in pleading guilty to Count Ten of the Indictment, the Defendant admitted to knowingly brandishing a firearm during and in relation to a crime of violence (specifically, the attempted bank robbery charged in Count Nine of the Indictment), in violation of 18 U.S.C. § 924(c)(1)(A)(ii);

WHEREAS, in the Indictment, the United States gave notice of its intent to forfeit, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all of the Defendant's right, title, and interest the firearms and ammunition involved in or used in the commission of crimes of violence charged in the Indictment, including the attempted bank robbery charged in Count Ten, to which the Defendant pleaded guilty, including, but not limited to, a Llama .32 caliber pistol bearing serial number 21456; and fifty-four (54) rounds of ammunition (collectively, the "Specific Property");

WHEREAS, the provisions of 21 U.S.C. § 853(n) require publication and notice to third parties known to have alleged an interest in forfeited specific

property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, good and sufficient cause has been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. As a further result of the Defendant's conviction on Count Ten of the Indictment, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall be final against Defendant Marlon Peek, shall be made part of the sentence of Defendant Marlon Peek, and shall be included in the judgment of conviction therewith.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the appropriate law enforcement agency of the United States Department of Justice, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to

any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. Any person, other than the Defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

8. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 10th day of August, 2018.

*[signature]*

Honorable Katharine S. Hayden
United States District Judge

The undersigned hereby consent to
the entry and form of this Order:

CRAIG CARPENITO
United States Attorney

_____          Dated: 8/8/18
By: ELISA T. WIYGUL
Assistant United States Attorney

_____          Dated: 8/8/18
ALYSSA A. CIMINO, ESQ.
Attorney for Defendant Marlon Peek

_____          Dated: 8/8/18
MARLON PEEK,
Defendant