NOT FOR PUBLICATION

                UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARLON PEEK,<br><br>      *Defendant.* | Crim. No.: 15-609 (KSH)<br><br>**OPINION** |

### I.    Background

      Defendant Marlon Peek is serving a 17-year sentence for a series of bank robberies and carjackings he committed or attempted to commit in the spring of 2015. Peek pled guilty to (i) seven counts of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2; (ii) one count of attempted bank robbery with a dangerous weapon in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2; (iii) one count of carjacking in violation of 18 U.S.C. §§ 2119(1) and 2; (iv) three counts of attempted carjacking in violation of 18 U.S.C. §§ 2119(1) and 2; (v) one count of use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and (vi) one count of forced accompaniment in attempt to avoid apprehension in violation of 18 U.S.C. §§ 2113(e) and 2. (D.E. 84, Am. Judgment.) He was sentenced in August 2018 to 17 years' imprisonment, which was the mandatory minimum sentence under the statutes of conviction, followed by five years of supervised release. (*Id.*) According to the BOP website, he is currently incarcerated at Cumberland FCI and is expected

to be released in November 2029.[1] *See* Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited Dec. 29, 2021).

In the pro se application currently before the Court (D.E. 93), Peek has moved pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) for a reduction in sentence on compassionate release grounds based on the COVID-19 pandemic coupled with certain medical circumstances. The government has opposed. (D.E. 114.)

## II. Legal Standard

A court may modify a term of imprisonment once it has been imposed only "in limited circumstances." *In re Morris*, 345 F. App'x 796, 797 (3d Cir. 2009). Relevant here is 18 U.S.C. § 3582(c)(1)(A), which provides that, in any case:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> >
> > . . .

---

[1] Peek was later sentenced by a state court to 13 years' imprisonment on two counts of first-degree robbery, to run concurrently, with a mandatory minimum parole ineligibility of 11 years and 17 days, along with additional concurrent sentences for other charges arising from separate crimes. (D.E. 114-2, State Judgment.) His state sentence is to run concurrently with his federal sentence. (*See id.*)

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

The United States Sentencing Commission's policy statement allows a court to reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) where: (i) extraordinary and compelling reasons warrant a reduction in sentence; (ii) the defendant is not a danger to the safety of others or the community under 18 U.S.C. § 3142(g); and (iii) consideration of the sentencing factors in 18 U.S.C. § 3553(a) would support the relief sought. *See* U.S. Sent'g Guidelines Manual ("USSG") § 1B1.13 (U.S. Sent'g Comm'n 2018). Congress directed the Sentencing Commission to define the statutory term "extraordinary and compelling reasons," *see* 28 U.S.C. § 994(t), and the commentary to the policy statement provides that the defendant's medical condition, family circumstances, or age may under certain circumstances serve as "extraordinary and compelling reasons" for compassionate release. U.S.S.G. § 1B1.13 n.1(A)-(C). This policy statement serves as "useful guidance" to the Court and is not meant to constrain its "independent assessment of whether extraordinary and compelling reasons warrant a sentence reduction under § 3582(c)(1)(A)." *United States v. Alexander*, 2020 WL 2507778, at *3 (D.N.J. May 15, 2020) (Wolfson, J.) (internal citations and quotations omitted).

### III. Discussion

Before the Court may apply the above legal standard to Peek's motion, it must be satisfied that he has exhausted his administrative remedies. A prisoner may file a motion for compassionate release with the sentencing court "after [he or she] has fully exhausted all administrative rights to appeal a failure of the Bureau

3

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020) (explaining exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A)). The government does not dispute that the exhaustion requirement is met here: Peek sought compassionate release from the warden of FCI Cumberland on August 7, 2020, and the request was denied on August 18. (*See* D.E. 93 at 37, BOP Denial.) Because more than 30 days have passed since the warden received Peek's request, the Court may address the instant motion on the merits.

Peek first argues that he has demonstrated the existence of "extraordinary and compelling reasons" justifying compassionate release because he suffers from certain medical conditions that put him at risk for serious illness or death while confined at Cumberland FCI during the COVID-19 pandemic, including diabetes and obesity. (D.E. 93 at 2-4, Mov. Br.) The government concedes that Peek "has cleared the threshold of presenting 'extraordinary and compelling reasons' allowing the Court to consider him for compassionate release" because of his type 2 diabetes and obesity, which the CDC recognizes as conditions that can make it more likely for a person to become severely ill from COVID-19. (*See* D.E. 114, Opp. Br. at 8; *see also* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (page last updated Dec. 14, 2021) (last visited Dec. 29, 2021).). Despite Peek's diabetes and obesity, the government urges the Court to

4

deny the instant motion on the grounds that the § 3553(a) factors "weigh strongly in favor of requiring him to continue serving his 17-year sentence."² (Opp. Br. at 11.)

Under § 3553(a), a court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. In imposing a sentence, a court shall consider, among other things:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed –
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant;
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(1)-(2).

Here, Peek's offenses and the circumstances surrounding them were manifestly violent. Over the course of a few weeks, he committed seven bank

---

² In light of the government's concession that Peek has met the "extraordinary and compelling" threshold, the Court will presume that Peek has in fact made such a showing and proceed to analyze the § 3553(a) factors. However, the Court is cognizant of the fact that, if released, Peek will be transferred to a state facility to serve a 13-year state sentence. Accordingly, it is unclear whether granting the instant application would meaningfully reduce Peek's risk of serious injury or death from COVID-19. *See, e.g., United States v. Henries*, 2020 WL 4727090, at *3 n. 4 (D.N.J. Aug. 14, 2020) (Wigenton, J.) (denying compassionate release application where defendant, who suffered from chronic medical condition, would be released to ICE facility).

robberies and one carjacking. (*See* Presentence Report ("PSR") ¶¶ 25-36.) His crime spree culminated in an armed bank robbery attempt, where he pointed a gun directly at the bank teller. (*Id.* ¶¶ 37, 39.) Afterwards, he attempted three armed carjackings in the bank's parking lot. (*Id.* ¶¶ 40-42.) He then fled the scene and entered a warehouse where he took a hostage and held him at gunpoint. (*Id.* ¶ 43.) After his arrest, law enforcement discovered Peek's gun was operable and loaded with nine rounds of ammunition. (*Id.* ¶ 44.) Without question, the nature and circumstances of the crimes Peek committed weigh against compassionate release.

Peek argues that he has "completely rehabilitated" and urges the Court to consider his "post-offense developments." (D.E. 117, Reply Br. at 11-12.) His reply brief expresses remorse and details the significant educational steps he has taken since his incarceration—getting his GED and tutoring and mentoring his fellow inmates— and describes his close relationship with his family members. (*Id.* at 12.) But these facts do not negate the need for a sentence that adequately "reflect[s] the seriousness" of his offenses and "promote[s] respect for the law." 18 U.S.C. § 3553(a)(2)(A).

The Court took note of the fact that Peek's past conduct can be explained, at least in part, by mental illness and substance abuse disorders he suffered at the time of the offenses, and sentenced him to the mandatory minimum term of incarceration and no more. (*See* D.E. 96, Sentencing Tr.) Peek's medical records demonstrate that he has received mental health treatment at FCI Cumberland, and he recognizes that his mental health has "greatly improved." (*See* Mov. Br. at 4;

6

Reply Br. at 12). As such, one of the purposes of sentencing is in fact being fulfilled, *see* 18 U.S.C. § 3553(a)(2)(D).

## IV. Conclusion

Accordingly, Peek's accomplishments while incarcerated and his mental health issues do not overcome the severity of his offenses and the requirements of § 3553(a) such as to warrant a reduction in sentence. His motion for compassionate release is denied. An appropriate order will issue.

Dated: December 29, 2021                                /s/ Katharine S. Hayden
                                                                                    Katharine S. Hayden, U.S.D.J.