**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARLON PEEK a/k/a MALIK UHURU MUGABE,<br><br>*Defendant*. | Crim. No.: 15-609 (KSH)<br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

Defendant has filed a motion seeking to compel the Bureau of Prisons (BOP) to add his religious name, which he has adopted as his legal name by court order, to the BOP's Sentry system, and for it to "notify[] mail room personnel" of his name so he receives mail bearing that name. (D.E. 156). Defendant's subsequently filed "Motion to Compel Judgment" seeks an order directing the BOP to "fully recognize his legally adopted religious name" under the First Amendment of the U.S. Constitution and the BOP's policy on legal name changes. (D.E. 157.)[1]

---

[1] These motions were filed in defendant's action filed under 28 U.S.C. § 2255, which had already been adjudicated and was closed. The Court directed the Clerk of Court to file the motions on the docket of defendant's criminal action, so they could be addressed in the appropriate context. (D.E. 155.)
  Since September, defendant has also filed a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (D.E. 160); a letter request for an extension of time to file a "sur-reply" after the government's response to his sentence-reduction motion (D.E. 162); a "Motion in Extreme Opposition to Government's Request for an Extension" of its deadline to respond to his sentence-reduction motion (D.E. 165); and a "Letter of Complaint" objecting to the Court's order granting an extension of the government's response deadline from October 22 to November 5, while defendant's request for an extension to reply to the government's then not-yet-filed response remains pending (D.E. 166). These submissions are unrelated to defendant's motion pertaining to his name change and will be addressed in due course.

1

The government responds that the BOP already lists defendant's religious, legally adopted name (Malik Mugabe) as his legal name in BOP records, and that Marlon Peek, the name under which defendant was convicted, is listed as an alias and as defendant's "committed name" (the name on the judgment). (D.E. 158.) The government further states that no additional changes are warranted because the BOP's recognition of defendant's legal name in its records while keeping the name on his judgment as his committed name accomplishes defendant's stated goals while ensuring that "those interested in viewing the defendant's status—for instance, victims of his crimes—will still be able to search for the name they know." (*Id.*)

In reply, defendant modified the scope of the relief he seeks, and now pursues amendment of his judgment, a change to the committed name used by the BOP, and the use of his legal name on anything BOP related, such as clothing and identification cards. (D.E. 159.) Defendant further contends that it is up to the government to notify defendant's victims of his name change.

Defendant has a First Amendment right to legal recognition of his religious name, but it is not absolute; rather, use of his religious name alongside his committed name is "an appropriate accommodation of the competing interests of the inmate and the prison." *Ali v. Stickman*, 206 F. App'x 184, 186 (3d Cir. 2006); *see also United States v. Baker*, 415 F.3d 1273, 1274 (11th Cir. 2005). The BOP has already taken this step, as reflected by the government's submission. Defendant is not entitled to have his judgment, which pre-dated his legal name change, altered or amended. *Baker*, 415 F.3d at 1274 ("although an inmate is entitled to prospective recognition of a legal name change, by means of a 'dual-name' policy, an inmate is not entitled to have documents that pre-dated his legal name change altered"); *United States v. Diamond*, 615 F. Supp. 3d 332, 335-36 (E.D. Pa. 2022). Defendant's demand that the government notify his

victims of his name change overlooks that the public also must be able to connect defendant's former and current names. *Diamond*, 615 F. Supp. 3d at 335, 336. In other words, defendant's First Amendment rights do not compel the erasure of his former name for all purposes and in all BOP records. As the BOP has already afforded defendant constitutionally sufficient relief, his motions (D.E. 156, 157) are denied. An appropriate order will follow.

Date: November 12, 2025                                  */s/ Katharine S. Hayden*
                                                         Katharine S. Hayden, U.S.D.J.

3