**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARLON PEEK a/k/a MALIK UHURU MUGABE,<br><br>*Defendant*. | Crim. No.: 15-609 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

This opinion addresses two of the latest requests filed by defendant Marlon Peek a/k/a Malik Uhuru Mugabe, who is serving a 17-year sentence for offenses he committed as part of a carjacking and robbery spree in 2015. He pleaded guilty to 14 counts and was ordered to pay $21,598.00 in restitution and to be on three years of supervised release after his term of incarceration ends. (D.E. 84 (Mugabe Am. Judgment).) The motions presently before the Court concern Mugabe's restitution obligation.[1]

In the first motion, filed on December 2, 2025, Mugabe seeks to modify his restitution obligation on count 4. (D.E. 172.) He contends that his co-defendant, Nathaniel Brown, was ordered to pay $79 in restitution on that count and is "sole[l]y responsible" for paying it, and if Brown has done so, Mugabe "should not have to pay it again." (D.E. 172, at 1-2.)

[1] The Court's most recent opinion in this matter, which was filed on June 30, 2026 and denied defendant's second request for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), acknowledged defendant's restitution-related motions and stated that they would be addressed separately. (D.E. 175, at 1 n.2.) This is that ruling.

Count 4 of the indictment charged both Brown and Mugabe with robbing the victim bank on April 14, 2015 (D.E. 15), and both of them pleaded guilty to that offense and were ordered to pay restitution of $79 to the victim bank. (D.E. 79 (Brown Judgment, at 1, 7); D.E. 84, at 1, 8 (Mugabe Am. Judgment).)[2] Mugabe's liability for restitution on Count 4 was imposed "jointly and severally with co-defendant Nathaniel Brown." (D.E. 84, Mugabe Am. Judgment, at 8.)[3] Peek and Brown, therefore, are both liable for $79 in restitution to that bank. *United States v. Shvets*, 154 F.4th 74, 86 (3d Cir. 2025); *see also* 18 U.S.C. § 3664(h). The bank cannot collect *more* than $79 in total from these defendants; if the $79 is paid, whether by Mugabe, by Brown, or by some combination of payments from each, the obligation terminates as to both of them. *Shvets*, 154 F.4th at 86. But that is not the case here, as Mugabe's own exhibit reflects: there remains an outstanding balance due on the restitution ordered on Count 4. (D.E. 172, at 2.) That is still the case as of the date of this order; the outstanding amount is $74.98 (compared to $75.16 at the time Mugabe filed the motion, *see id.*). Accordingly, no relief is warranted on D.E. 172, and that motion is denied.

In his second motion, filed February 18, 2026, Mugabe seeks to suspend restitution payments until he completes his sentence so he can "save money for his Post-Release expenses." (D.E. 173, at 1.)

In setting restitution, the Court directed as follows:

> The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the

---

[2] The restitution imposed on the remaining counts of Mugabe's conviction was imposed only on him, not on Brown. (D.E. 84.)

[3] Mugabe is therefore incorrect that Brown is "sole[ly] responsible" for paying the $79 in restitution on Count 4.

> defendant shall satisfy the amount due in monthly installments of no less than $25.00, to commence 30 days after release from confinement.

(D.E. 84, Mugabe Am. Judgment, at 8.) Mugabe discloses that he is "no longer participating" in the IFRP and has a "no-paying job at his correctional institution." (D.E. 173, at 2.) Instead of paying restitution, he wants to "save up every penny that he gets from family and friends." (*Id.*)

A defendant seeking to modify a restitution schedule must notify the Court and the Attorney General of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). Mugabe's desire to save money in the face of limited or no prison earnings does not warrant modification under the statute. *United States v. Knight*, 315 F. App'x 435, 437 (3d Cir. 2009); *see also United States v. Savage*, 466 F. App'x 68, 70 (3d Cir. 2012) (request properly denied where defendant made general claims about scarcity of prison jobs but "failed to present any evidence or specific allegations about his economic circumstances" and relied on his "strong feelings" against paying restitution to the victim bank); *United States v. Jackson-El*, 179 F. App'x 147, 149 (3d Cir. 2006) (request properly denied where defendant failed to allege a material change in economic circumstances or follow the statute's procedural requirements).

Moreover, this request appears to be designed to circumvent the parameters of the IFRP, a program that involves BOP staff helping inmates who have financial obligations, such as restitution, develop a financial plan and monitoring their progress. 28 C.F.R. §§ 545.10-.11; BOP Program Statement P5380.08 (Aug. 15, 2005). As set forth in those regulations and the program statement, inmates who participate in the IFRP may receive certain benefits, such as higher-paying jobs, increased spending limits, and better housing assignments. To the extent Mugabe's assignment to a non-paying job is a consequence of his failure or refusal to participate in the IFRP, the BOP's decision to withhold certain benefits, such as better-paying jobs, from

non-participating inmates, has long been held permissible. *See, e.g.*, *Balter v. Martinez*, 477 F. App'x 873, 875 (3d Cir. 2012) (citing, *inter alia*, *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989)); *see also id.* (inmate "has no entitlement, constitutional or otherwise, to any of the benefits agreeing to participate in the IFRP would provide" (quoting *United States v. Lemoine*, 546 F.3d 1042, 1049 (9th Cir. 2008) (cleaned up)). Therefore, if Mugabe's economic circumstances changed as a result of his IFRP non-participation (if indeed they have changed at all), that is no grounds for relief under § 3664(k). *United States v. Banks*, 430 F. App'x 179, 181 (3d Cir. 2011) (agreeing that "any change in [defendant's] economic circumstances was self-induced and hardly constitutes a material change in economic circumstances").

This motion (D.E. 173) is also denied. An appropriate order will issue.

Date: July 31, 2026

*s/Katharine S. Hayden*
Hon. Katharine S. Hayden, U.S.D.J.